CARMEN CAPÓ DE CINTRÓN, Appellant, v. REGISTRAR OF
PROPERTY OF PONCE, Respondent.

No. 894. Submitted June 23, 1933.—Decided April 12, 1934.

*Luciano Colón* for appellant.   The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

On April 27, 1932, in Ponce, Rosa María Parra, widow of
Sánchez, of the one part, and Carmen Capó Cintrón and her
husband René F. I. Cintrón Parra, of the other part, appeared
before a notary and executed a deed whereby Mrs. Parra
sold to Mrs. Capó a lot containing two houses and subject
to a mortgage executed as security for a promissory note
for $3,000.   The sale was made for the price of $3,200, of
which sum the purchaser delivered to the vendor $200 in cash
at the time of the execution of the deed.   The balance of
$3,000, the purchaser stated, was retained by her to pay the
promissory note when it should become due.   The third
clause of the contract reads as follows:

"The purchaser, Mrs. Capó Cintrón, states that the money with
which the described parcel is purchased belongs to her separately
because it was given to her in advance of her hereditary rights by
her mother, María Josefa Natividad Vázquez Colón de Capó, and
she desires therefore that said parcel be registered in her favor as
her separate property; which statement is corroborated and ratified
by her husband, René Francisco Isidoro Cintrón Parra, who appears

and expresses his absolute conformity, since he knows that that is the true source of the money with which his said wife makes the purchase.''

Two days afterward, Luis Capó, his wife María J. N. Vázquez, and his daughter Carmen Capó appeared before the same notary and executed a deed which contains the following clauses:

''First.—María Josefa Natividad Vázquez Colón states and avows that she delivered in cash to her daughter Carmen Capó de Cintrón on the 26th day of the present month of April, the sum of TWO HUNDRED DOLLARS as an advance on her inheritance for which sum Mrs. Capó de Cintrón executes a proper receipt and voucher.

''Second.—Luis Capó Matres and his wife María Josefa Natividad Vázquez Colón state and avow that although they delivered to their said daughter the said two hundred dollars as an advancement, it is their desire and will that said sum be had and considered as a donation or gift made to the above-mentioned daughter for the purpose mentioned and that therefore she be not obliged to collate in any way the said sum upon the death of either or them, inasmuch as said donation does not injure, in any way, the donors or their future forced heirs.

''Third.—Carmen Capó de Cintrón accepts the present deed and recognizes and expresses her gratitude to her parents for the favor that they have done her; and I, the Notary, in accordance with the provisions of the law, advised the parties as provided by law.''

Both documents were presented in the registry of property of the district for record which was made, but ''with the curable defect that the separate character of the acquisition has not been shown.''

Mrs. Capó de Cintrón took the present administrative appeal. In her brief she maintains that in her opinion—

''. . . the source of the money paid by the purchaser at the time of the execution of the deed, that is $200, was fully esablished by the statement of the purchaser (third clause of the deed of purchase) and by the ratification made by the donor in the subsequent deed, and that therefore the defect noted by the Registrar does not now exist as to that sum. The remainder of the price, that is the

amount of the mortgage encumbering the parcel which is to be paid later, is a fact to be accredited at the time of its payment. It is not in issue at this time.''

In his turn the registrar in his brief supports his decision as follows:

''The presumption in favor of the community arises from the sale itself . . . . It is a *juris tantum* presumption, and the evidence to the contrary need not be conclusive to the extent of producing absolute certainty; but it must be, at least, equal in sufficiency to that required for the decision of any civil case.

''In the most recent of its decisions dealing with this question— *Cabassa* v. *Registrar,* 38 P.R.R. 226—the Honorable Court said:

'' 'As we interpret our own decisions they are to the effect that no mere statement of either of the spouses or even of the father of the wife, who is supposed to have donated the property, suffices. In other words, a written declaration even if it comes from the party agianst whom an estoppel might arise would not so override the presumption established. The registry must import certainty. Is this a certainty that leaves no possibility of fraud or error? We can not hold so, because, after all, there are only few cases in which such absolute certainty could be established. In a vast number of cases a married person having received property before or after marriage might be careless in preserving evidence or in maintaning a *status quo* once clearly provable. We have previously indicated our doubts of a too strict requirement in *Marrero* v. *Registrar,* 34 P.R.R. 198, and in *Alum Pérez* v. *Registrar of Arecibo,* 37 P.R.R. 830, we took a more definite stand to the effect that the presumption may be overcome, somewhat as in other cases, if there exists sufficient corroborating proof of the statements'.

''The decision of December 2, 1889, cited by the petitioner on page 4 of her brief and the statute construed in said decision have a historical value only. The provisions now in effect are subdivisions 1 and 4 respectively of sections 1316 and 1314 of the Civil Code of Puerto Rico—sections 1301 and 1299, Civ. Code, 1930 ed. As to the latter, the rule established by the decisions of the Honorable Court, as explained in *Cabassa* v. *Registrar, supra,* is very clear and definite: No mere statement of either of the spouses, OR EVEN OF THE FATHER OF THE WIFE, WHO IS SUPPOSED TO HAVE DONATED THE PROPERTY, suffices to rebut the presumption in favor of the community.

"We do not think that the donation deed executed subsequently to the deed of sale in this case has more probative force than the action of the father in the case of *Sánchez et al.* v. *Registrar,* 28 P. R.R. 624."

The law and the jurisprudence on the subject have been stated and applied correctly by the registrar and, therefore, his decision must be affirmed.

Mr. Justice Hutchison dissented.